UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:                                              Case No.6:19-bk-01933-LVV
                                                    Chapter 7
CAROL A. HERTENSTEIN,

        Debtor.
_____/

**SELECT PORTFOLIO SERVICING, INC. AS SERVICING AGENT FOR U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE FOR TOWD POINT MASTER FUNDING TRUST 2020-PM3 HC'S RESPONSE TO CHAPTER 7 TRUSTEE'S MOTION FOR ORDER APPROVING SALE OF ESTATE'S INTEREST IN NON-EXEMPT REAL ESTATE IN LAKE COUNTY, FLORIDA**
**(Re: 11024 Windchime Circle, Clermont, Florida 34711)**

      Select Portfolio Servicing, Inc. as servicing agent for U.S. Bank Trust National Association, as Trustee for Towd Point Master Funding Trust 2020-PM3 HC ("Respondent"), by and through undersigned counsel, hereby submits its *Response to Trustee's Motion for Order Approving Sale of Estate's Interest in non-Exempt Real Estate in Lake County, Florida* to preserve its rights to be paid off in full as a first position creditor or in accordance with any approval as authorized by Respondent. The basis of the Conditional Response is stated below

### RECITALS[1]

      On March 26, 2007, Carol A. Hertenstein and non-filing debtor Ronald Hertenstein ("Debtors") executed a promissory Note in the principal sum of $57,150.00 (the "Note"). A copy of the Note is attached hereto as **Exhibit A** and incorporated herein by reference.

      The Note is secured by a recorded mortgage (the "Mortgage") executed by Debtors encumbering the real property located at **11024 Windchime Circle, Clermont, Florida 34711** (the "Property"). A copy of the Mortgage is attached hereto as **Exhibit B** and incorporated herein by reference.

---

[1] Pursuant to Rules 201(b) and 201(d) of the Federal Rules of Evidence, which are made applicable to this proceeding by Rule 9017 of the Federal Rules of Bankruptcy Procedure, Respondent requests that the Court take judicial notice of the documents and other records on file in this case.
[1] The Note and Mortgage are collectively referred to herein as the "Loan."

On March 26, 2019, commenced the instant case by filing a voluntary petition under Chapter 13 of the Bankruptcy Code.

On April 9, 2021, the Chapter 7 Trustee filed a *Motion for Order Approving Sale of Estate's Interest in non-Exempt Real Estate in Lake County, Florida* [D.E. No. 40] according to which the Trustee has received an offer to purchase the Property for the price of $285,000.00.

**RESPONDENT DOES NOT OPPOSE TRUSTEE'S MOTION TO SELL REAL PROPERTY ON THE CONDITION THAT THE FOLLOWING PROVISIONS ARE INCLUDED IN THE ORDER**

1. This Response is contingent upon Respondent's secured claim being paid off in full or in accordance with any approval as authorized by Respondent.

2. The estimated payoff good through May 19, 2021 is $66,008.92.

3. Moreover, Respondent requests that the sale take place no later than 90 days after the signing of the Order granting same.

4. In the event that the sale of the Property does not take place, Respondent shall retain its lien for the full amount due under the Loan.

Based on the foregoing, Respondent hereby submits its Response to *Chapter 7 Trustee's Motion to Sell Real Property*.

Respectfully Submitted:

/s/ *Jennifer Laufgas*
Jennifer Laufgas
Bar No.: 56181
Aldridge Pite, LLP
Attorney for Secured Creditor
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (888) 873-6147
Email: jlaufgas@aldridgepite.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Response to *Chapter 7 Trustee's Motion for Order Approving Sale of Estate's Interest in non-Exempt Real Estate in Lake County, Florida* was served electronically or via U.S. Mail, first-class postage prepaid, to:

**DEBTOR ATTORNEY**
**(via electronic notice)**
Lan B Kennedy-Davis
lkennedy@rumberger.com

**DEBTOR**
Estate of Carol A. Hertenstein
Estate of Ronald Hertenstein
300 Columbia Drive
Unit 1205
Cape Canaveral, FL 32920

**TRUSTEE**
**(via electronic notice)**
Dennis D Kennedy
trustee@ddkennedy.com

Arvind Mahendru
amtrustee@gmail.com

**UNITED STATES TRUSTEE**
**(via electronic notice)**
Department of Justice
USTP.Region21.OR.ECF@usdoj.gov

**LIENHOLDERS**
Select Portfolio Serv Inc.
PO Box 65250
Salt Lake City, UT 84165-0250

Dated: April 23, 2021

                                                          /s/ *Jennifer Laufgas*
                                                         Jennifer Laufgas, Bar No.: 56181
                                                         Aldridge Pite, LLP
                                                         Attorney for Secured Creditor
                                                         Fifteen Piedmont Center
                                                         3575 Piedmont Road, N.E., Suite 500
                                                         Atlanta, GA 30305
                                                         Phone: (404) 994-7400
                                                         Fax: (888) 873-6147
                                                         Email: jlaufgas@aldridgepite.com

Herterstein, Carol

# BALLOON NOTE
(Fixed Rate)

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

March 26, 2007    Overland Park    Kansas
[Date]    [City]    [State]

11024 Windchime Circle    , Clermont , FL 34711
[Property Address]

1. **BORROWER'S PROMISE TO PAY**
In return for a loan that I have received, I promise to pay U.S. $57,150.00 (this amount is called "Principal"), plus interest, to the order of Lender. Lender is Capital One Home Loans, LLC

I will make all payments under this Note in the form of cash, check or money order.
I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

2. **INTEREST**
Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 12.4500 %.
The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

3. **PAYMENTS**
(A) Time and Place of Payments
I will pay principal and interest by making a payment every month.
I will make my monthly payments on the 30th day of each month beginning on April 30, 2007. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on March 30, 2022, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
I will make my monthly payments at P.O. Box 403589, Atlanta, GA 30384-3589

or at a different place if required by the Note Holder.
(B) Amount of Monthly Payments
My monthly payment will be in the amount of U.S. $ 607.72

O

MULTISTATE BALLOON FIXED RATE NOTE - Single Family - FANNIE MAE UNIFORM INSTRUMENT    Form 3260 1/01
Amended for Florida    Page 1 of 3    Initials:
VMP-870N(FL) (0006)    VMP MORTGAGE FORMS - (800)521-7291

MW 04/99

EXHIBIT A

**4. BORROWER'S RIGHT TO REPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

If I make a full Prepayment or partial Prepayments, I may be required to pay a Prepayment Penalty as described in the Schedule "A" attachment to this Note. The Note Holder will use my prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

**5. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sum already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

(A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of    15    calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be    5    % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a difference address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variation in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of amounts I owe under this Note. Some of those conditions read as follows:

FORM 3260-001
Initials:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

11. **DOCUMENTARY TAX**
The state documentary tax due on this Note has been paid on the mortgage securing this indebtedness.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_/s/ Carol Hertenstein_ (Seal)
Carol Hertenstein   -Borrower

_/s/ Ronald Hertenstein_ (Seal)
Ronald Hertenstein   -Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

[Sign Original Only]

VMP-870N(FL) (0006)    Page 3 of 3    Form 3260 1/01

EXHIBIT A

## SCHEDULE "A"
## PREPAYMENT PENALTY NOTE RIDER

THIS PREPAYMENT PENALTY NOTE RIDER ("Rider") is made this 26th day of March , 2007 and is incorporated into and shall be deemed to amend and supplement a Note in the amount of $ 57,150.00 dated an even date herewith, executed by the undersigned ("Borrower") to ("Lender") secured by a Mortgage, Deed of Trust or Deed to Secure Debt ("Security Instrument") dated an even date herewith.

In addition to the agreements and provisions made in said Note, both Borrower and Lender further agree as follows:

Any provisions of said Note, or other such instruments executed in connection with said indebtedness which are inconsistent with the provisions of this Rider, including, but not limited to, monthly payments of principal and interest, maturity date and notice to the Borrower are hereby amended or negated to the extent necessary to conform such instruments to the provisions of this Rider.

The final Note payment shall be due and payable on March 30 , 2022

The following notice is given to the Borrower as part of this loan contract pursuant to Federal regulations:

PROVISIONS FOR PREPAYMENT PENALTY:

Consecutive monthly principal and interest installments of $ 607.72 first due on the 30th day of April , 2007 Such payments to continue until maturity when the remaining principal balance and any unpaid interest thereon shall be due and payable. In the event full prepayment is made within three (3) years of the date of the first monthly payment a prepayment penalty in the amount of six (6) months interest on the remaining principal balance will be assessed.

IN WITNESS WHEREOF, Borrower has executed this Prepayment Penalty Note Rider.

X _____   X _____
Carol Hertenstein                  Ronald Hertenstein

M/S PP PENALTY SCH"A"

EXHIBIT A

```
CFN    2007049355
Bk 03409 Pgs 0409 - 417; (9pgs)
DATE: 04/11/2007  02:52:41 PM
JAMES C. WATKINS, CLERK OF COURT
LAKE COUNTY
RECORDING FEES 78.00
MTG DOC 200.20
INTANGIBLE 114.30
```

Recording Requested by &
When Recorded Return To:
US Recordings, Inc.
PO Box 19989
Louisville, KY 40259

This instrument was prepared by:
Tracy Waller
12800 Foster Street
Overland Park, KS 66213
(913) 814-3523

# MORTGAGE

MIN

THIS MORTGAGE is made this    26th    day of    March    2007   , between the Mortgagor,
Carol Hertenstein and Ronald Hertenstein, Wife and Husband

, whose address is
11024 Windchime Circle, Claremont, FL 34711
(herein "Borrower"), and the Mortgagee,
Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
Capital One Home Loans, LLC
("Lender") is organized and existing under the laws of    the United States of America    , and has an address of
12800 Foster Street, Overland Park, KS 66213

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $ 57,150.00    which indebtedness is evidenced by Borrower's note dated    March 26, 2007    and extensions and renewals thereof (herein "Note"), providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on    March 30, 2022   ;
TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage; and the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the following described property located in the County of    LAKE
State of Florida:
See Attached

which has the address of    11024 Windchime Circle                                                [Street]
Clermont                                              [City], Florida    34711    [ZIP Code] (herein "Property Address");

FLORIDA - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT WITH MERS

Initials: CH / RH

-76N(FL) (0510)    MW 04/02                Page 1 of 5
VMP Mortgage Solutions, Inc.

Form 3810
Amended 2/01

# EXHIBIT B

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Mortgage; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Mortgage.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Mortgage and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Mortgage that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Mortgage.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Mortgage, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Mortgage.

3. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

4. **Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

5. **Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

VMP®-76N(FL) (0510)  Page 2 of 5  Initials: _____  O  Form 3810

**EXHIBIT B**

6. **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Mortgage, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8. **Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

9. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

10. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

11. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Note, (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable on the Note or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

12. **Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13. **Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14. **Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution or after recordation hereof.

15. **Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

16. **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Mortgage.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Mortgage. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Mortgage without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage, foreclosure by judicial proceeding, and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the nonexistence of a default or any other defense of Borrower to acceleration and foreclosure. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may foreclose this Mortgage by judicial proceeding. Lender shall be entitled to collect in such proceeding all expenses of foreclosure, including, but not limited to, reasonable attorneys' fees, court costs, and costs of documentary evidence, abstracts and title reports.

18. **Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to entry of a judgment enforcing this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage, and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees and court costs; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. **Assignment of Rents; Appointment of Receiver.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender shall be entitled to have a receiver appointed by a court to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Mortgage. The receiver shall be liable to account only for those rents actually received.

20. **Release.** Upon payment of all sums secured by this Mortgage, Lender shall release this Mortgage without charge to Borrower. Borrower shall pay all costs of recordation, if any.

21. **Attorneys' Fees.** As used in this Mortgage and in the Note, "attorneys' fees" shall include attorneys' fees, if any, which may be awarded by an appellate court.



## REQUEST FOR NOTICE OF DEFAULT
## AND FORECLOSURE UNDER SUPERIOR
## MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Mortgage.

### NOTICE TO BORROWER
Do not sign this Mortgage if it contains blank spaces. All spaces should be completed before you sign.

Signed, sealed and delivered in the presence of:

_____Cynthia V Young_____
Witness  Cynthia V Young

_____Carol Hertenstein_____ (Seal)
Carol Hertenstein                  -Borrower
11024 Windchime Circle
Clermont, FL 34711

_____
Witness

(Address)

_____Ronald Hertenstein_____ (Seal)
Ronald Hertenstein                 -Borrower
11024 Windchime Circle
Clermont, FL 34711

(Address)

_____ (Seal)
                      -Borrower

_____ (Seal)
                      -Borrower

(Address)                          (Address)

_____ (Seal)        _____ (Seal)
                      -Borrower                          -Borrower

(Address)                          (Address)

_____ (Seal)        _____ (Seal)
                      -Borrower                          -Borrower

(Address)                          (Address)
                                   (Sign Original Only)

STATE OF FLORIDA,          LAKE    County ss:
The foregoing instrument was acknowledged before me this   March 26, 2007   by
Carol Hertenstein and Ronald Hertenstein

who is personally known to me or who has produced  FL Dr License   as identification.

_____Cynthia V Young_____
Notary Public  Cynthia V Young

CYNTHIA V. YOUNG
Notary Public - State of Florida
My Commission Expires Nov 5, 2008
Commission # DD 368234
Bonded By National Notary Assn

VMP-76N(FL) (0510)                 Page 5 of 5                           Form 3810

**EXHIBIT B**

# PLANNED UNIT DEVELOPMENT RIDER

THIS PLANNED UNIT DEVELOPMENT RIDER is made this 26th day of March 2007, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date, given by the undersigned (the "Borrower") to secure Borrower's Note to Capital One Home Loans, LLC

(the "Lender") of the same date and covering the Property described in the Security Instrument and located at:
11024 Windchime Circle         ,Clermont ,FL 34711

[Property Address]
The Property includes, but is not limited to, a parcel of land improved with a dwelling, together with other such parcels and certain common areas and facilities, as described in Homes Association Declaration Filed Of Record.

(the "Declaration"). The Property is a part of a planned unit development known as Crecent Bay

[Name of Planned Unit Development]
(the "PUD"). The Property also includes Borrower's interest in the homeowners association or equivalent entity owning or managing the common areas and facilities of the PUD (the "Owners Association") and the uses, benefits and proceeds of Borrower's interest.

  PUD COVENANTS. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:
  A. PUD Obligations. Borrower shall perform all of Borrower's obligations under the PUD's Constituent Documents. The "Constituent Documents" are the: (i) Declaration; (ii) articles of incorporation, trust instrument or any equivalent document which creates the Owners Association; and (iii) any by-laws or other rules or regulations of the Owners Association. Borrower shall promptly pay, when due, all dues and assessments imposed pursuant to the Constituent Documents.

MULTISTATE PUD RIDER - Single Family/Second Mortgage                                0
MW 11/04                                                                         3/99
VMP-207R (0411)        Page 1 of 3        Initials:
                       VMP Mortgage Solutions, Inc. (800)521-7291

**EXHIBIT B**

**B. Hazard Insurance.** So long as the Owners Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy insuring the Property which is satisfactory to Lender and which provides insurance coverage in the amounts (including deductible levels), for the periods, and against loss by fire, hazards included within the term "extended coverage," and any other hazards, including, but not limited to, earthquakes and floods, for which Lender requires insurance, then: (i) Lender waives the provision in Uniform Covenant 2 for the monthly payment to Lender of the yearly premium installments for hazard insurance on the Property; and (ii) Borrower's obligation under Uniform Covenant 5 to maintain hazard insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy.

What Lender requires as a condition of this waiver can change during the term of the loan.

Borrower shall give Lender prompt notice of any lapse in required hazard insurance coverage provided by the master or blanket policy.

In the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss to the Property, or to common areas and facilities of the PUD, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender. Lender shall apply the proceeds to the sums secured by the Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

**C. Public Liability Insurance.** Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

**D. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property or the common areas and facilities of the PUD, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Uniform Covenant 9.

**E. Lender's Prior Consent.** Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to: (i) the abandonment or termination of the PUD, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain; (ii) any amendment to any provision of the "Constituent Documents" if the provision is for the express benefit of Lender; (iii) termination of professional management and assumption of self-management of the Owners Association; or (iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

Initials: _[signature]_

VMP-207R (0411)   Page 2 of 3   3/99

**EXHIBIT B**

**F. Remedies.** If Borrower does not pay PUD dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this PUD Rider.

_____/s/ Carol Hertenstein_____ (Seal)          _____/s/ Ronald Hertenstein_____ (Seal)
Carol Hertenstein        -Borrower              Ronald Hertenstein        -Borrower
11024 Windchime Circle                          11024 Windchime Circle
Clermont, FL, 34711                             Clermont, FL 34711

_____ (Seal)               _____ (Seal)
                          -Borrower                                        -Borrower

_____ (Seal)               _____ (Seal)
                          -Borrower                                        -Borrower

_____ (Seal)               _____ (Seal)
                          -Borrower                                        -Borrower

VMP-207R (0411)          Page 3 of 3                                  3/99

**EXHIBIT B**

## EXHIBIT A

THE FOLLOWING DESCRIBED REAL PROPERTY SITUATE IN THE CITY OF CLAREMONT, COUNTY OF LAKE, AND STATE OF FLORIDA, TO WIT:

LOT 68, CRESCENT BAY, ACCORDING TO THE PLAT THEREOF RECORDED IN PLAT BOOK 28, AT PAGE 98, 99 AND 100, LAKE COUNTY, FLORIDA.

TAX ID #

BY FEE SIMPLE DEED FROM GLENN A. GALVIN AND JANET L. GALVIN, HUSBAND AND WIFE AS SET FORTH IN DEED BOOK 1577, PAGE 0381 AND RECORDED ON 1/16/1998, LAKE COUNTY RECORDS.

THE SOURCE DEED AS STATED ABOVE IS THE LAST RECORD OF VESTING FILED FOR THIS PROPERTY. THERE HAVE BEEN NO VESTING CHANGES SINCE THE DATE OF THE ABOVE REFERENCED SOURCE.

U38235788-010P09
MORTGAGE
LOAN#
US Recordings

**EXHIBIT B**

INSTRUMENT #: █████████ OR BK 5191 PG 1508 PAGES: 2 10/30/2018 1:30:31 PM
GARY J. COONEY, CLERK OF THE CIRCUIT COURT & COMPTROLLER LAKE COUNTY, FLORIDA
REC FEES: $18.50

Case 6:19-bk-01933-LVV    Doc 42    Filed 04/23/21    Page 17 of 20

Return to :
LIEN SOLUTIONS
PO BOX 29071
GLENDALE , CA 91209-9071

Prepared By:
CITIMORTGAGE, INC
NANDHA KUMAR RAVICHANDRAN
1000 TECHNOLOGY DRIVE, MS 321
O'FALLON, MO 63368-2240
MERS SIS # 888-679-6377 MIN: ███████████

## ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Capital One Home Loans, LLC, its successors and assigns (Assignor), hereby assigns and transfers to CitiMortgage, Inc. , whose address is 1000 Technology Drive, O'Fallon, MO, 63368 (Assignee), all its right and interest in and to that certain Mortgage executed by Carol Hertenstein and Ronald Hertenstein , and dated 03/26/2007 and Originally Recorded on: 04/11/2007 in the Official Records of Lake County , State of Florida under Book: 03409 Page: 0409 , encumbering the property more particularly described as follows:

Description/Additional information: See Exhibit A

Dated: 10̶-̶1̶7̶-̶1̶8̶ 10-25-18 HR

Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Capital One Home Loans, LLC, its successors and assigns

By _____[signature]_____
Name Helene E. Robinson
Assistant Secretary

Witness _____[signature]_____
Sheila Brooks

Witness _____[signature]_____
Tyler E. Alcorn

[MERS Corporate Seal - Delaware 1999]

STATE OF MISSOURI, ST. CHARLES COUNTY

On 10-2̶4̶-25 2̶0̶5̶ 2018 before me, the undersigned, a notary public in and for said state, personally appeared Helene E. Robinson, Assistant Secretary of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Capital One Home Loans, LLC, its successors and assigns personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

LAURA M. JONES
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Charles County
My Commission Expires: March 19, 2020
Commission Number: 12316868

Notary Public Laura M. Jones
Commission Expires: 03/19/2020

Page # █████ RPY Ref# █████ FL069 Lake County

**EXHIBIT B**

Exhibit A

THE FOLLOWING DESCRIBED REAL PROPERTY SITUATE IN THE CITY OF CLAREMONT, COUNTY OF LAKE, AND STATE OF FLORIDA, TO WIT:

LOT 68, CRESCENT BAY, ACCORDING TO THE PLAT THEREOF RECORDED IN PLAT BOOK 28, AT PAGE 98, 99 AND 100, LAKE COUNTY, FLORIDA.

TAX ID #: ▓▓▓▓▓▓▓

BY FEE SIMPLE DEED FROM GLENN A. GALVIN AND JANET L. GALVIN, HUSBAND AND WIFE AS SET FORTH IN DEED BOOK 1577, PAGE 0381 AND RECORDED ON 1/16/1998, LAKE COUNTY RECORDS.

THE SOURCE DEED AS STATED ABOVE IS THE LAST RECORD OF VESTING FILED FOR THIS PROPERTY. THERE HAVE BEEN NO VESTING CHANGES SINCE THE DATE OF THE ABOVE REFERENCED SOURCE.

**EXHIBIT B**

INSTRUMENT#: ███████ OR BK 5476 PG 334 PAGES: 2 5/27/2020 6:39:20 AM
GARY J. COONEY, CLERK OF THE CIRCUIT COURT & COMPTROLLER LAKE COUNTY, FLORIDA
REC FEES: $18.50

Case 6:19-bk-01933-LVV    Doc 42    Filed 04/23/21    Page 19 of 20

When Recorded Return To:
CitiMortgage, Inc.
C/O Nationwide Title Clearing, Inc.
2100 Alt. 19 North
Palm Harbor, FL 34683

**CitiMortgage Loan No** ███████

## ASSIGNMENT OF MORTGAGE

**FOR GOOD AND VALUABLE CONSIDERATION,** the sufficiency of which is hereby acknowledged, the undersigned, **CITIMORTGAGE, INC., WHOSE ADDRESS IS 1000 TECHNOLOGY DRIVE, O'FALLON, MO 63368, (ASSIGNOR),** by these presents does convey, grant, assign, transfer and set over the described Mortgage with all interest secured thereby, all liens, and any rights due or to become due thereon to **TOWD POINT MASTER FUNDING TRUST 2020-PM3, WHOSE ADDRESS IS C/O FIRSTKEY MORTGAGE, LLC, 900 THIRD AVENUE, 5TH FLOOR, NEW YORK, NY 10022, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE).**

Said Mortgage was made by **CAROL HERTENSTEIN AND RONALD HERTENSTEIN** and recorded in Official Records of the Clerk of the Circuit Court of <u>LAKE</u> County, <u>Florida</u>, in <u>**Book 03409 and Page 0409**</u>, upon the property situated in said State and County as more fully described in said Mortgage.

**Dated this 26th day of May in the year 2020**
CITIMORTGAGE, INC.

_Patrick McCabe_
**PATRICK MCCABE**
**VICE PRESIDENT**



All persons whose signatures appear above have qualified authority to sign and have reviewed this document and supporting documentation prior to signing.

_K. Eisele_                                        _J. Medero_
**KOSTADINA EISELE**                               **JACKELYNN MEDERO**
**WITNESS**                                        **WITNESS**

Document Prepared By: Dave LaRose/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152
CMOAV ███████ 2020WL-004C    DOCR T262005-12:25:22 [C-2]   EFRMFL1

**EXHIBIT B**

CitiMortgage Loan No ███

STATE OF FLORIDA
COUNTY OF PINELLAS

The foregoing instrument was acknowledged before me by means of [X] physical presence or [ ] online notarization on this 26th day of May in the year 2020, by Patrick McCabe as VICE PRESIDENT of CITIMORTGAGE, INC., who, as such VICE PRESIDENT being authorized to do so, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me.

_Karin Chandias_ (signature)

KARIN CHANDIAS
COMM EXPIRES: 07/28/2023

KARIN CHANDIAS
Notary Public - State of Florida
Commission # GG 359792
My Comm. Expires Jul 28, 2023
Bonded through National Notary Assn.

Document Prepared By: Dave LaRose/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152
CMOAV ███  2020WL-004C    DOCR T262005-12:25:22 [C-2]  EFRMFL1

**EXHIBIT B**